KENDALL BRILL & KELLY LLP
Alan Jay Weil (63153)
  *ajweil@kbkfirm.com*
Joshua W. Sussman (294695)
  *jsussman@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Douglas A. Rettew (*pro hac vice* application forthcoming)
  *doug.rettew@finnegan.com*
Anna B. Naydonov (*pro hac vice* application forthcoming)
  *anna.naydonov@finnegan.com*
Margaret Esquenet *(pro hac vice* application forthcoming*)*
  *margaret.esquenet@finnegan.com*
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone:  202.408.4000
Facsimile:   202.408.4400

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BUDDY WEBSTER p/k/a BUDDY BLAZE,<br><br>           Plaintiff,<br><br>     v.<br><br>DEAN GUITARS;ARMADILLO ENTERPRISES, INC.; ARMADILLO DISTRIBUTION ENTERPRISES, INC.; ESTATE OF DIMEBAG DARRELL ABBOTT, an unknown entity; and DOES 1-10 inclusive,<br><br>           Defendants. | Case No. 2:17-cv-03027-JFW-MRW<br><br>**JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE FOR MOTION TO TRANSFER**<br><br>Judge:   Hon. John F. Walter |

Plaintiff Buddy Webster p/k/a Buddy Blaze ("Plaintiff") and Defendants Dean Guitars, Armadillo Enterprises, Inc., Armadillo Distribution Enterprises, Inc. (collectively, the "Armadillo Defendants") and the Estate of Dimebag Darrell Abbott (the "Estate") (collectively, "Defendants") submit the following joint statement pursuant to Local Rule 7-3 and the Court's Standing Order (ECF # 9):

Plaintiff filed a Complaint against the Armadillo Defendants and the Estate, alleging copyright infringement and seeking monetary damages and an injunction, on April 21, 2017. (ECF # 1.)

Plaintiff served the Complaint on the Armadillo Defendants on May 11, 2017.

On Thursday, June 15, 2017, at 3:00 PM PST, counsel for the Armadillo Defendants and the Estate participated in a Local Rule 7-3 telephonic meet-and-confer with Plaintiff's counsel.

Alan Weil (lead counsel), Doug Rettew, Anna Naydonov, and Joshua Sussman participated in the meet-and-confer for the Armadillo Defendants and the Estate.

Eric Bjorgum participated in the meet-and-confer for Plaintiff.

The telephonic meet-and-confer lasted approximately 30 minutes.

Counsel for Defendants informed Plaintiff's counsel that Defendants intend to file a motion to transfer the case to the United States District Court for the Middle District of Florida, Tampa Division on in accord with 28 U.S.C. § 1404(a) because:

- None of the current parties are domiciled or incorporated in California.
- The Armadillo Defendants reside in the Middle District of Florida, which is where all of their offices, operations, witnesses, documents, and materials are located.
- Plaintiff resides in Grand Prairie, Texas, which is closer to the Middle District of Florida than this District.
- The Estate is also located in Texas, not this District. Plaintiff stated its belief that the Estate is administered by Jerry Abbott (a resident of

Tennessee) and Vinnie Paul Abbott (who purports to be a part-time resident of Las Vegas). Plaintiff also believes that significant licensing activity for the Estate is handled by decedent's common law wife, who resides in the Los Angeles area, and the Estate is managed by a company based in New Jersey (with whom Plaintiff exchanged emails in an attempt to avoid filing this case). Defendants' counsel explained to Plaintiff's counsel that the Estate's *sole* administrator—Vincent Paul Abbott—resides in Texas and that none of the Estate's administrators, managers, and/or employees reside in California. Regarding "decedent's common law wife," Plaintiff may be referring to Dimebag Darrell Abbott's former girlfriend Rita Haney, who, upon information and belief, may reside in California. But Ms. Haney is not Dimebag Darrell Abbott's widow, is not an officer/administrator of the Estate, and does not participate in managing the Estate. The Estate's manager resides in New Jersey, and litigating this case in the Middle District of Florida is more convenient for her than in California.

Plaintiff's counsel stated that Plaintiff would oppose transferring the case to the Middle District of Florida.

Plaintiff's counsel also stated that it will be filing a motion or seeking a stipulation to bring Guitar Center, Inc. into this matter. According to Plaintiff's counsel, Guitar Center is located in California and has sold the purportedly infringing guitars. On June 19, 2017, Plaintiff's counsel also informed Defendants of its intent to bring Guitar Center's related online store MusiciansFriend.com as a party. According to Plaintiff, these two third parties are based in Westlake Village, California; Guitar Center, Inc. is the largest retailer of music equipment in the United States. Defendants did not say whether they would stipulate to amending the Complaint, but if a Rule 12 motion to transfer is filed, Plaintiff will contend that it has an absolute right to amend its complaint and add parties in response. Plaintiff's

1  counsel also stated that he intends to call certain third-party witnesses in the case
2  and would send Defendants' counsel the list of witnesses (and their locations).
3  Defendants have not received the third-party witness list from Plaintiff's counsel.
4  Plaintiff's counsel will be making that list available on June 19, 2017.

5       Regardless, Defendants intend to proceed with a motion to transfer because
6  Defendants contend that all the main witnesses and documents pertaining to the
7  alleged infringement are located in the Middle District of Florida.

8       In addition to discussing the motion to transfer, the Armadillo Defendants'
9  counsel informed Plaintiff's counsel that they are representing the Estate and will
10 accept service on the Estate's behalf.  The Parties agreed that June 15, 2017 will be
11 the effective date of service on the Estate.

12      Given the forthcoming motion to transfer, the Parties agreed to file a joint
13 stipulation asking the Court to extend the Answer deadline for all Defendants until
14 fourteen (14) days after the Court rules on the motion to transfer.  Moreover, the
15 Parties will request that the deadline for the Joint Report under Fed. R. Civ. P. 26(f)
16 (which is currently due on July 31, 2017) be extended to fourteen (14) days after the
17 new Answer deadline, and the Scheduling Conference (currently set for August 14,
18 2017) be set fourteen (14) days after the new deadline for the Joint Report under
19 Rule 26(f).  The Parties will submit a joint stipulation for an extension once the
20 motion for transfer is filed.

21 DATED:  June 19, 2017        KARISH & BJORGUM, PC

By:    /s/ Eric Bjorgum
      Eric Bjorgum
      *Attorney for Buddy Webster p/k/a Buddy Blaze*

313851.1

3

Case No. 2:17-cv-03027-JFW-MRW
JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE FOR THE MOTION TO TRANSFER

| | | |
|---|---|---|
| 1 | DATED: June 19, 2017 | KENDALL BRILL & KELLY LLP |
| 2 | | |
| 3 | | |
| 4 | | By:      /s/ Alan Jay Weil |
| 5 | |            Alan Jay Weil |
| | |            Joshua W. Sussman |
| 6 | | |
| 7 | | FINNEGAN, HENDERSON, FARABOW, |
| | |    GARRETT & DUNNER, LLP |
| 8 | |      Douglas A. Rettew |
| | |      Anna B. Naydonov |
| 9 | |      Margaret Esquenet |
| | |      *(pro hac vice applications forthcoming)* |
| 10 | | |
| 11 | |      *Attorneys for Defendants* |

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

313851.1

4

Case No. 2:17-cv-03027-JFW-MRW

JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE FOR THE MOTION TO TRANSFER